# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

AMBER SHERMAN, RACHAEL
SPRIGGS, KERMIT MOORE, BLACK
CLERGY COLLABORATIVE OF MEM-
PHIS, MEMPHIS A. PHILIP RAN-
DOLPH INSTITUTE, EQUITY ALLI-
ANCE,

       *Plaintiffs,*

v.

TRE HARGETT, in his official capacity
as Secretary of State; MARK GOINS, in
his official capacity as Coordinator of
Elections of Tennessee; STATE ELEC-
TION COMMISSION, and DONNA
BARRETT, JUDY BLACKBURN, JIMMY
ELDRIDGE, MIKE MCDONALD,
SECONDRA MEADOWS, VANECIA
BELSER KIMBROW, and KENT
YOUNCE, in their official capacities as
members of the State Election Commis-
sion,

       *Defendants.*

No. 3:26-cv-00616
JUDGE CRENSHAW

THREE-JUDGE
COURT REQUESTED

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO RE-
TAIN CASE ASSIGNMENT AND CROSS-MOTION AND MEMORANDUM OF
LAW FOR REASSIGNMENT OF RELATED CASE UNDER
ADMINISTRATIVE ORDER 176**

## INTRODUCTION

When Plaintiffs filed this redistricting challenge, their civil cover sheet noted their case was related to *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.), already pending before Chief Judge Campbell. Under Administrative Order 176, the longstanding practice is to reassign related cases "to the District Judge presiding over the first case filed." A.O. 176(II)(d). Accordingly, earlier today, Defendants' counsel contacted Plaintiffs' counsel to obtain their position on a motion to consolidate *Hale* and this case in front of Chief Judge Campbell. At that time, this case hadn't been assigned, and Plaintiffs stated that they would not oppose coordinated proceedings if the case was assigned to Judge Campbell. Emails Regarding Consolidation, (Ex. 2). After assignment though, and without conferring with Defendants, Plaintiffs' counsel filed the instant "motion to retain" this case in this Court. Emails Regarding Case Assignment, (Ex. 3).

Defendants oppose Plaintiffs' motion and request that this case be reassigned to be heard alongside the first-filed case in *Hale*, consistent with Administrative Order 176. The cases are related, as Plaintiffs said themselves. They seek the same relief—an order precluding the State from using the 2026 congressional districts in forthcoming elections. And they both require convening a three-judge court. 28 U.S.C. §2284(a).

Plaintiffs' attempt to thwart that usual process is troubling. In recent federal constitutional litigation, ACLU counsel was extensively investigated for "judge-shopping."

1

*See Boe v. Marshall*, 767 F. Supp. 3d 1226, 1249-50, 1267-68 (M.D. Ala. 2025). Today's motion by ACLU counsel, contrary to their own representations that this case is related to the first-filed case, risks creating an unacceptable appearance of the same.

All the more so because the nature of this litigation—challenging a partisan-based redistricting—calls for scrupulous adherence to neutral judicial practices. This Court's standard practice is to reassign related cases to the judge presiding over the first-in-time suit. *Oklahoma Police Pension & Ret. Sys. v. Shoals Techs. Grp.*, No. 3:24-CV-00580, 2024 WL 5454766, at *1 (M.D. Tenn. May 24, 2024); *Kissimmee Util. Auth. Employees' Ret. Plan v. Shoals Techs. Grp.*, No. 3:24-CV-00598, 2024 WL 5233242, at *1 (M.D. Tenn. Sept. 24, 2024). It should not depart from that practice here.

## BACKGROUND

Last week, the Tennessee General Assembly held a special session to redistrict Tennessee's congressional seats. *See* 2026 Tenn. Pub. Ch. 1-4, 2d Extra. Sess. This case arises out of that redistricting. But it is not the only one, nor was it the first one filed in this District.

The first-filed case is *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.), filed on May 7, 2026. There, a group of voters, candidates, and the Tennessee Democratic Party filed a complaint against Governor Bill Lee, Secretary of State Tre Hargett, and Tennessee Coordinator of Elections Mark Goins. *See generally* Dkt. 23, Hale Am. Compl. (Ex. 1). They challenge the new congressional districts, as well as revisions to the candidate qualifying

2

requirements, which they refer to collectively as "the Act." *Id*. ¶5. They claim that this new legislation could create election administration problems violating the First and Fourteenth Amendment, *id.* ¶¶75-80, and that the new districts burden their First Amendment associational rights, *id.* ¶¶81-87. They request that the court "enjoin the implementation and enforcement of the Act for the 2026 federal election cycle," either in the form of a temporary or permanent injunction. *Id.* ¶12; *see also id.* p.22 (Prayer for Relief).

The *Hale* case was assigned to Chief Judge Campbell. On May 8, 2026, he set a briefing schedule on the plaintiffs' motion for a temporary restraining order and asked the parties to address whether the case must be heard by a three-judge panel under 28 U.S.C. §2284(a). He also held a scheduling conference on May 11, and set a hearing on plaintiffs' motion for May 20. Defendants notified Chief Judge Campbell today that a three-judge panel is required. *See* Dkt. 37, Defs.' Memorandum of Law in Support of Application of 28 U.S.C. §2284, *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn. May 12, 2026). The *Hale* Plaintiffs do not oppose assignment of that panel. *See id.* Dkt. 38.

The second-filed case is this one: *Sherman v. Hargett*, No. 3:26-cv-00616 (M.D. Tenn.), filed on May 11, 2026. Here, a group of voters and two organizations sued Secretary of State Tre Hargett, Coordinator of Elections Mark Goins, and the State Election Commission and its members. *See generally* Dkt. 1. Like the plaintiffs in *Hale*, plaintiffs here challenge Tennessee's congressional map. *Id.* They contend that Tennessee's con-

3

gressional map unlawfully discriminates against black voters in violation of the Fourteenth and Fifteenth Amendments. *Id*. ¶¶100-109. They also contend, like the *Hale* plaintiffs, that the new districts burden their First Amendment rights. *Id.* ¶¶110-125. They ask the court to enter a preliminary and permanent injunction precluding the use of the 2026 districts and to declare that the General Assembly's actions were unlawful. *Id.* ¶6; *id.* p.57-58 (Prayer for Relief). And they have requested a three-judge panel under 28 U.S.C. §2284.

The similarities between this case and *Hale* are apparent. Indeed, in their Civil Cover Sheet, Plaintiffs marked *Hale* as a "Related Case[]." Dkt. 1-5. Defendants' counsel promptly contacted Plaintiffs' counsel to obtain their position on a motion to consolidate *Hale* and this case in front of Chief Judge Campbell.  At that time, this case hadn't been assigned, and Plaintiffs stated that they would not oppose coordinated proceedings if the case was assigned to Judge Campbell.  Later in the day, though, and without conferring with Defendants, Plaintiffs' counsel filed the instant "motion to retain" this case in this Court.

### LEGAL STANDARD

This Court's Administrative Order 176 governs related cases. "[A]ll new civil cases shall be assigned on a random selection basis." A.O. 176(I)(a). Where cases are related, a party can "request reassignment of a new case as a Related case." A.O. 176(II)(b). This Court considers whether "[t]he cases arise out of the same transaction, occurrence, or series of transactions or occurrences," "[t]he cases involve common questions of law or

fact," "[t]he cases involve one or more of the same parties," "[t]he relief sought in the cases could result in a party being subject to conflicting orders or judgments," "substantial duplication of effort and expense by the Court and the parties could occur if different District Judges presided over the cases," "[s]ubstantial savings of judicial time and resources could result if the cases were handled by the same District Judge," or "[i]t is in the interest of justice, based on the totality of the circumstances, for the same District Judge to preside over each of the cases." A.O. 176(I)(c)(1)-(7); *accord Downs v. Core Civic*, No. 3:24-CV-01462, 2025 WL 1805310, at *3 (M.D. Tenn. June 26, 2025) (applying factors).

The process for seeking reassignment of a randomly assigned case because it is related to another case is as follows. "Counsel for a party filing a new Related Case shall set forth on the Civil Cover Sheet all Related cases." A.O. 176(II)(a). Then, a party can seek reassignment of the "Related Case" by motion. A.O. 176(II)(a)-(b). If "the District Judges presiding over each of the cases determine and agree that the cases are Related Cases," then "Related Cases shall be transferred to the District Judge presiding over the first case filed." *Id.* (II)(d). "The District Judge presiding over the reassigned case shall enter an Order making the transfer and explaining the reasons for the reassignment." *Id.*

## ARGUMENT

This case should be reassigned as a related case to Chief Judge Campbell, who presides over the first-filed case. Each factor for related cases is satisfied. Plaintiffs in this later-filed action already represented that their case is related to the first-filed *Hale* action,

both in their civil cover sheet and their improper motion. *See* Dkt. 1-5 at §VII; Dkt. 6 at 2 ("the cases are related."). They concede the cases "arise[] out of the same transaction or occurrence (namely the May 2026 redistricting)." Dkt. 6 at 2; A.O. 176(I)(c)(1). And they concede "there are common defendants in both actions," satisfying the factor that the actions involve "one or more of the same parties." A.O. 176(I)(c)(3).

But Plaintiffs are wrong that the overlap ends there. There are also "common questions of law or fact." A.O. 176(I)(c)(2). Both actions challenge the redistricting of Tennessee's congressional districts on First and Fourteenth Amendment grounds. And both sets of Plaintiffs seek injunctive relief, including interim relief. In addition to the merits, then, a court must decide whether both sets of Plaintiffs are "likely to suffer irreparable harm" if the new map is not enjoined, whether "the balance of equities" favors an injunction, and whether "an injunction is in the public interest." *Enchant Christmas Light Maze & Market Ltd. v. Glowco, LLC*, 958 F.3d 532, 539 (6th Cir. 2020).

Plaintiffs respond that the claims in *Hale* are narrower than those in *Sherman*. But both cases require the court to assess the validity of the 2026 congressional map, even if the plaintiffs' causes of action are not identical. That suffices for reassignment. *See Maxwell v. I.R.S.*, No. CIV. 3090308, 2009 WL 920533, at *5 (M.D. Tenn. Apr. 1, 2009) (cases reassigned where both "involve[d] IRS summonses related to an investigation of Petitioner's potential tax liability"). And Defendants anticipate they will raise common legal defenses to the First Amendment claims brought by the *Hale* plaintiffs' and the plaintiffs

6

here. Both sets of plaintiffs assert First Amendment claims that sound in partisan gerry-mandering. *E.g.*, Ex. 1, ¶85 (*Hale* complaint); Dkt. 1, ¶117 (*Sherman* complaint). But the Supreme Court rejected those types of claims as non-justiciable. *See Rucho v. Common Cause*, 588 U.S. 684, 713 (2019). The overlap between the two cases on these issues means there would be "[s]ubstantial duplication of effort and expense by the Court and the parties." *Id.* §I(c)(5)-(6). The State may also be "subject to conflicting orders," A.O. 176(I)(c)(4), where, for example, one court may decide the equities differently than the other, or where one court may find the First Amendment claims are not justiciable while other finds that they are.

Additionally, parties have requested both cases be heard by a three-judge court under 28 U.S.C. §2284. Plaintiffs here have requested a three-judge court in their Complaint, which Defendants agree is appropriate. In *Hale*, Chief Judge Campbell requested briefing on that issue, and Defendants explained in a brief filed earlier today that a three-judge panel should be assigned. *See also* Dkt. 37, Defs.' Memorandum of Law in Support of Application of 28 U.S.C. §2284, *Hale v. Lee*, No. 3:26-cv-00603 (M.D. Tenn.). The *Hale* Plaintiffs do not oppose a three-judge panel. *See id.* Dkt. 38. The cases should be reassigned to the first-filed case so they can be heard together by the same three-judge court, avoiding the burdensome prospect of two courts and six judges wading through the cases' many overlapping legal and factual issues on a compressed timeline.

Finally, the "interests of justice" strongly weigh in favor of reassignment here. A.O. 176(I)(c)(7). Crediting counsel for the *Sherman* Plaintiffs' strategic conduct today would risk the appearance of "judge-shopping," an unacceptable practice for which ACLU counsel has previously been investigated. *See Boe*, 767 F. Supp. 3d at 1249-50, 1267-68. The better course is to follow the neutral approach for related cases contemplated by Administrative Order 176 and reassign this case to Chief Judge Campbell.

## CONCLUSION

For all these reasons, the Court should grant Defendants' Motion for Reassignment and deny Plaintiffs' Motion to Retain Assignment.

8

Dated: May 12, 2026

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER (BRP #035933)
*Senior Assistant Attorney General*

ANDREW DENNING (BPR #042208)
*Assistant Attorney General*
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7400
Zachary.barker@ag.tn.gov
Andrew.denning@ag.tn.gov
(615) 532-4098

TAYLOR A.R. MEEHAN (PHV forthcoming)
BRYAN K. WEIR (PHV forthcoming)
OLIVIA C. ROGERS (PHV forthcoming)
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
taylor@consovoymccarthy.com
bryan@consovoymccarthy.com
orogers@consovoymccarthy.com

*Counsel for Defendants*

9