## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

AMBER SHERMAN, RACHAEL SPRIGGS, KERMIT MOORE, BLACK CLERGY COLLABORATIVE OF MEMPHIS, MEMPHIS A. PHILIP RANDOLPH INSTITUTE, THE EQUITY ALLIANCE,

*Plaintiffs*,

v.

TRE HARGETT, in his official capacity as Secretary of State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for Tennessee, STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, JIMMY ELDRIDGE, MIKE MCDONALD, SECONDRA MEADOWS, VANECIA BELSER KIMBROW, and KENT YOUNCE, in their official capacities as members of the State Election Commission,

*Defendants*.

**THREE-JUDGE PANEL REQUESTED**

Civil Action No 26 Civ. 616

Judge Crenshaw

## [PROPOSED] ORDER

Plaintiffs Amber Sherman, Rachael Spriggs, Kermit Moore, Black Clergy Collaborative of Memphis, Memphis A. Philip Randolph Institute, and The Equity Alliance move for a temporary restraining order and/or a preliminary injunction. The Court finds that the Plaintiffs have provided specific facts in a verified complaint, further supported by declarations that clearly show that immediate and irreparable harm to Plaintiffs' constitutional rights will result absent temporary relief. The same standards apply to both motions for temporary restraining orders and motions for preliminary injunctions. *See Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007). The Court considers whether (1) the movant has a strong likelihood of success on the merits; (2) the movant would suffer irreparable harm without the injunction; (3) issuance of the injunction would cause

substantial harms to others; and (4) the public interest would be served by issuance of the injunction. *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001). Here, all of the factors weigh in Plaintiffs' favor.

All parties to this suit agree that a three-judge panel should hear the case under 28 U.S.C. § 2284(a). The Court agrees, as this suit is one "challenging the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a). While a three-judge panel has not yet been assigned, § 2284 also authorizes this Court to "grant a temporary restraining order . . . until the hearing and determination by the district court of three judges of an application for a preliminary injunction." *Id.* § 2284(b)(3). This provision also requires that the Court make a "specific finding, based on evidence submitted, that specified irreparable damage will result if the order is not granted." *Id*.

In particular, this Court makes a specified finding that substantial injury to voters across Tennessee and specifically to the constitutional rights of the instant Plaintiffs and Black voters in Memphis and Shelby County will occur absent interim relief. Specifically, in enacting the May 2026 map, the General Assembly provided that candidates have to commit to which district they are running in or whether they are withdrawing by this Friday, May 15, at noon. H.B. 7001 (amending Tenn. Code Ann. § 2-16-204(a)(2)(B), (a)(2)(C)). If the challenged enactment is not enjoined prior to that deadline, substantial voter confusion will continue to proliferate, risking disenfranchisement. If relief is not entered before this deadline, candidates with whom Plaintiffs have associated will have had to decide which district they will run in or whether they will leave the race entirely. Absent a grant of temporary relief now, it will become more difficult to revert later on to the lawful congressional districts that the State of Tennessee passed in 2022. Temporary

2

relief thus maintains the lawful status quo and allows a three-judge panel to convene to consider whether to grant a preliminary injunction.

It is accordingly ORDERED that the Defendants are TEMPORARILY RESTRAINED from implementing and enforcing House Bills 7001, 7002, 7003, and 7005, as enacted by the Tennessee General Assembly and signed into law on May 7, 2026, until such time as the district court of three judges can hear and decide Plaintiffs' application for a preliminary injunction.

IT IS SO ORDERED.

Entered this the _____ day of ____, 2026.

_____
Hon. Waverly D. Crenshaw, Jr.

3