**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| AMBER SHERMAN, RACHAEL SPRIGGS, KERMIT MOORE, BLACK CLERGY COLLABORATIVE OF MEMPHIS, MEMPHIS A. PHILIP RANDOLPH INSTITUTE, THE EQUITY ALLIANCE,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for Tennessee, STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, JIMMY ELDRIDGE, MIKE MCDONALD, SECONDRA MEADOWS, VANECIA BELSER KIMBROW, and KENT YOUNCE, in their official capacities as members of the State Election Commission,<br><br>*Defendants*. | **THREE-JUDGE PANEL REQUESTED**<br><br>Civil Action No 26 Civ. 616<br><br>Judge Campbell |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit this Notice of Supplemental Authority regarding the Northern District of Alabama's recent decision in *Milligan v. Allen*, No. 2:21-cv-01530-AMM, ECF No. 537 (N.D. Ala. May 26, 2026) ("*Milligan* PI Op."), which issued a preliminary injunction enjoining Alabama from implementing a new congressional plan. The three-judge panel's decision in *Milligan* provides further support for Plaintiffs' arguments that this Court should preliminarily enjoin the implementation of Tennessee's May 2026 congressional redistricting plan. *See* Pls.' Mot. for a TRO or PI, Dkt. No. 20. The *Milligan* decision is appended to this Notice.

In 2023, the Supreme Court affirmed an injunction against Alabama's 2021 congressional map. *Allen v. Milligan*, 599 U.S. 1 (2023). Following that decision, in 2023, Alabama passed

1

another congressional districting plan (the "2023 Plan") that was also enjoined on grounds that it "intentionally discriminated based on race in violation of the Constitution" by purposefully diluting the voting strength of Black Alabamians and submerging them in White-majority districts. *Milligan* PI Op. at 3; *see Singleton v. Allen*, 782 F. Supp. 3d 1092, 1338–39 (N.D. Ala. 2025). Alabama's 2024 elections were thus held under a court-ordered Special Master plan. *See Milligan* PI Op. at 5.

Following the Supreme Court's decision in *Louisiana v. Callais*, 146 S. Ct. 1131 (2026), Alabama Governor Ivey called for a Special Session and requested that the Alabama Legislature pass legislation "permitting an alteration in the boundaries" of congressional district lines. *Milligan* PI OP. at 25. The Legislature passed a bill that "permit[ed] the reinstatement of the last legislatively enacted Congressional districts," *id.* at 26—meaning the 2023 Plan that had been enjoined as intentionally discriminatory. On May 11, 2026, the Supreme Court summarily vacated the permanent injunction enjoining use of the 2023 Plan. *Id.* at 27 (citing *Hewitt v. United States*, 606 U.S. 419, 431 (2025)); *see Allen v. Caster*, No. 25-243, 2026 WL 1282800 (U.S. May 11, 2026).

After "expeditious" briefing, a three-judge district court unanimously granted the plaintiffs' motion for a preliminary injunction against the use of the 2023 Plan, holding that they were likely to succeed on both their intentional discrimination claim, and their claim under Section 2 of the Voting Rights Act. On the intent claim, the district court "reject[ed] in the strongest possible terms the State's attempt to finish its intentional decision to dilute minority votes with a veneer of legislative authority." *Milligan* PI Op. at 4. The court reached this decision because "when the Legislature enacted the 2023 Plan … it knew [it] was discriminatory vote dilution, and … the Legislature did this at least in part because of race, and not party politics." *Id.* at 48. Relevant here, the court found Alabama "cannot use *Callais* to legitimize the series of specific and unusual

2

decisions it made to entrench that dilution." *Id.* at 44. Indeed, "*Callais* and *Alexander* [*v. S.C. State Conf. of the NAACP*, 602 U.S. 1 (2024)] are expressly limited to 'the State's legitimate districting objectives,' *Callais*, 146 S. Ct. at 1159, *Alexander*, 602 U.S. at 34, and do not foreclose a court from finding that an objective is illegitimate because it was used for an unconstitutional purpose." *Milligan* PI Op. at 42. These principles are applicable here, where the Tennessee Legislature intentionally diluted the voting strength of Black Memphians by cracking Shelby County across three congressional districts, and where the circumstances, including legislators' own statements, show that their unsubstantiated claims about partisan goals are pretextual. Pls.' Mot. for a TRO or PI at 4-22, Dkt. 20; *see also* Verified Compl. at ¶¶ 28-99, Dkt. 1.

The *Milligan* decision also informs how this Court should assess the remaining preliminary injunction factors, including the irreparable harm Plaintiffs and Tennessee voters face. "[I]n a contest between irreparable harm to voters' right to participate in the political process under" a plan riddled with "likely constitutional [] defects" and "irreparable harm to the State's interest in using its legislatively enacted plan, we must give greater weight to preventing the irreparable injury to voters' constitutional rights." *Milligan* PI Op. 71. The equities also favor "allow[ing] voters to participate in that process under a … plan that satisfies all applicable constitutional and statutory requirements," namely the 2022-enacted congressional plan that all agree is fair and lawful. *Id.* at 72. As for the public interest, Tennessee "and its electorate conducted all events in the [2022, 2024, and] 2026 elections until just a few weeks ago on the expectation that candidates would run and votes would be cast under the" the 2022-enacted plan. *Id.* at 73. Thus, "[r]ather than spawning electoral chaos and serious error potential," using the 2022-enacted plan will "provide[] for certainty" by ensuring that the November elections take place under a lawful plan that is not tainted by racial discrimination. *Id.*

In sum, the three-judge panel's decision in *Milligan v. Allen* supports Plaintiffs' pending motion for preliminary relief.  Like the plaintiffs in *Milligan*, Plaintiffs here are likely to succeed on their constitutional claims.  And as in Alabama, the balance of harms and the public interest strongly weigh in favor of using an undisputedly lawful congressional map for Tennessee's ongoing congressional elections rather than hastily switching to as map that is likely unlawful.

This Court should issue preliminary relief to stop the irreparable harms Plaintiffs—and all Tennessee voters—now face.


Dated this 27th day of May, 2026

Ari J. Savitzky*
Theresa J. Lee*
Dayton Campbell-Harris*
Jonathan Topaz*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
asavitzky@aclu.org
tlee@aclu.org
dcampbellharris@aclu.org
jtopaz@aclu.org
slakin@aclu.org

*admitted *pro hac vice*

Respectfully submitted,

/s/ *Lucas Cameron-Vaughn*
Lucas Cameron-Vaughn (36284)
Zee Scout (042637)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
lucas@aclu-tn.org
zscout@aclu-tn.org

4