# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

AMBER SHERMAN, RACHAEL SPRIGGS, KERMIT MOORE, BLACK CLERGY COLLABORATIVE OF MEMPHIS, MEMPHIS A. PHILIP RANDOLPH INSTITUTE, EQUITY ALLIANCE,

  *Plaintiffs*,

v.

TRE HARGETT, in his official capacity as Secretary of State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for Tennessee, STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, JIMMY ELDRIDGE, MIKE MCDONALD, SECONDRA MEADOWS, VANECIA BELSER KIMBROW, and KENT YOUNCE, in their official capacities as members of the State Election Commission,

  *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 3:26-cv-00616
THREE-JUDGE COURT

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submitted a Notice of Supplemental Authority regarding a preliminary injunction entered in ongoing congressional redistricting litigation in Alabama. *See* Dkt. 41. Plaintiffs invited this Court to take the same approach. *Id.* at 3 (arguing the same "principles are applicable here" and the Alabama "decision also informs how this Court

1

should assess the remaining preliminary injunction factors"). That was an invitation to err.

The Supreme Court has since stayed that preliminary injunction. *See Milligan v. Allen*, No. 25A1315, 608 U.S. ___ (2026) (per curiam) (attached as Ex. 1). The Supreme Court faulted the three-judge court for failing "to heed the presumption of legislative good faith" and all too quickly presuming "discriminatory animus." *Id.* (slip op. 3). The Supreme Court further faulted that court for "interpos[ing] itself into Alabama's ongoing efforts to conduct its imminent 2026 congressional elections under maps that its elected representatives selected." *Id.* (slip op. 4). It is those same principles—from the Supreme Court, not the stayed district court order—that apply here too. There is no basis for interrupting Tennessee's ongoing election preparations. Such an extraordinary order would speciously presume *bad faith*: that Tennessee's politically driven process was just a disguise for a racially driven one. *But see id.*; *Abbott v. League of United Latin American Citizens*, 146 S. Ct. 418 (2025).

Dated: June 3, 2026

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ *Zachary L. Barker*
ZACHARY L. BARKER (BRP #035933)
*Senior Assistant Attorney General*

ANDREW DENNING (BPR #042208)
*Assistant Attorney General*
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 532-7400
Zachary.barker@ag.tn.gov
Andrew.denning@ag.tn.gov
(615) 532-4098

TAYLOR A.R. MEEHAN*
BRYAN K. WEIR*
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
taylor@consovoymccarthy.com
bryan@consovoymccarthy.com

*Admitted pro hac vice

*Counsel for Defendants*