AMBER SHERMAN, RACHAEL SPRIGGS, KERMIT MOORE, BLACK CLERGY COLLABORATIVE OF MEMPHIS, MEMPHIS A. PHILIP RANDOLPH INSTITUTE, THE EQUITY ALLIANCE,

*Plaintiffs*,

*v.*

TRE HARGETT, in his official capacity as Secretary of State of Tennessee, MARK GOINS, in his official capacity as Coordinator of Elections for Tennessee, STATE ELECTION COMMISSION, and DONNA BARRETT, JUDY BLACKBURN, JIMMY ELDRIDGE, MIKE MCDONALD, SECONDRA MEADOWS, VANECIA BELSER KIMBROW, and KENT YOUNCE, in their official capacities as members of the State Election Commission,

*Defendants*.

**THREE-JUDGE PANEL**

Civil Action No. 26 Civ. 616

Judges Campbell, Stivers, and Nalbandian

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In their Response to Plaintiffs' Notice of Supplemental Authority, Dkt. 48, Defendants note that the preliminary injunction issued by the three-judge court in *Milligan v. Allen* was stayed by the U.S. Supreme Court. *See Allen v. Milligan,* No. 25A1315, 608 U.S. ___ (2026) (per curiam). But the principles underlying that stay, as set forth in the Court's non-precedential stay order, do not apply here for several reasons.

*First*, as the Court recognized, the intentional discrimination finding in *Milligan*—the only finding that might potentially be applicable to this action—rested on grounds that are fundamentally distinct from those advanced in this action. In *Milligan*, the finding of intentional discrimination was not premised on any evidence of animus or invidious intent, but rather on a

determination that, in 2023, following the affirmance of a preliminary injunction on Voting Rights Act Section 2 vote dilution grounds, the Alabama Legislature intentionally adopted a remedial plan that it knew would not constitute a sufficient remedy for vote dilution under the panel's prior order. *See Singleton v. Allen*, No. 2:21-CV-1291-AMM, 2026 WL 1469518, at *13-*18 (N.D. Ala. May 26, 2026). As the Supreme Court described it, the "proof of discriminatory animus" in *Milligan* thus rested on "the District Court . . . interpret[ing] the State's legal disagreement with the court's earlier remedial order." *Milligan*, 608 U.S. ___, at *1.

Here, by contrast, Plaintiffs' intentional discrimination claim is not based on any disagreement over the application of Section 2 or the scope of some prior remedial order. *Id.* It is undisputed here that the Tennessee Legislature targeted a naturally-occurring majority-Black congressional district that was not the result of court order. Pls.' PI Br., Dkt. 20, at 7; Verified Compl. ¶¶ 37, 69, 46–49. And Plaintiffs have alleged and supported with extensive evidence, including evidence of animus among many other factors, that the Tennessee Legislature did so with intent to discriminate against Black voters as a motivating factor. *See, e.g.*, Pls.' PI Br., Dkt. 20, at 5–13; Pls.' PI Reply Br., Dkt. 47, at 1–2; *see also* Verified Compl. ¶¶ 22–99. The *Milligan* stay decision is thus inapplicable to the intentional discrimination claim now before this Court, and further says nothing about Plaintiffs' First Amendment claim.

*Second*, in *Milligan*, the Court suggested that preliminary relief to enjoin a legislatively-drawn map in favor of a court-drawn map was not proper under the circumstances. 608 U.S. ___, at *2. But Plaintiffs do not seek such relief here. Rather, Plaintiffs merely seek that the status quo congressional map that the Tennessee Legislature passed in 2022, and that all agree is lawful, be maintained for the election cycle already in progress in light of the grave chance of irreparable harm from running an election on a hastily passed map that is likely tainted by racial

2

discrimination. Pls.' PI Br., Dkt. 20, at 22–24; Pls.' PI Reply Br., Dkt. 47, at 5; *see also* Pls.'

Response to Defendants' Notice, Dkt. 30, at 5–7.

Dated this 8th day of June, 2026                    Respectfully submitted,

|  |  |
|---|---|
| Lucas Cameron-Vaughn (36284) | /s/ *Ari Savitzky* |
| Zee Scout (042637) | Ari J. Savitzky* |
| ACLU Foundation of Tennessee | Theresa J. Lee* |
| P.O. Box 120160 | Dayton Campbell-Harris*† |
| Nashville, TN 37212 | Jonathan Topaz* |
| (615) 320-7142 | Sophia Lin Lakin* |
| lucas@aclu-tn.org | American Civil Liberties Union |
| zscout@aclu-tn.org | Foundation |
|  | 125 Broad Street, 18th Floor |
|  | New York, NY 10004 |
|  | (212) 549-2500 |
|  | asavitzky@aclu.org |
|  | tlee@aclu.org |
|  | dcampbellharris@aclu.org |
|  | jtopaz@aclu.org |
|  | slakin@aclu.org |
|  |  |
|  | *admitted *pro hac vice* |
|  | † practice limited to federal court |